[Cite as *Wright v. Dir., Ohio Dept. of Job & Family Servs.*, 2014-Ohio-2663.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Frank W. Wright, | : | |
| Appellant-Appellant, | : | |
| v. | : | No. 13AP-1048 |
| | | (C.P.C. No. 13CV-7030) |
| Director, Ohio Department of Job and Family Services, | : | |
| | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |
| | : | |

## D E C I S I O N

### Rendered on June 19, 2014

*Portman & Foley, LLP*, *Frederic A. Portman*, and *Erica H. Mowry*, for appellant.

*Michael DeWine*, Attorney General, and *Patria V. Hoskins*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Appellant, Frank W. Wright, appeals from a judgment of the Franklin County Court of Common Pleas affirming the decision of the Unemployment Compensation Review Commission ("the commission"), a division of the Ohio Department of Job and Family Services ("ODJFS"), appellee. In its decision, the commission found appellant ineligible for unemployment benefits and ordered appellant to repay an overpayment of benefits. For the following reasons, we reverse that decision.

## I. Facts and Procedural History

{¶ 2}   In February 1984, appellant became unable to perform strenuous physical labor at his previous employer, McCarthy Farrell Construction Company, as the result of lung and heart conditions.  The Ohio Bureau of Workers' Compensation ("BWC") granted appellant temporary total disability compensation benefits ("TTD"), pursuant to claim number 84-38134, from February 1984 through October 1988.

{¶ 3} After completing college, appellant re-entered the workforce in November 1988 and began working in sedentary and supervisory positions, most recently for CBS Personnel Services LLC Employee Management ("CBS").  Although appellant was still eligible for TTD from 1988-2010, he did not receive payments because he was employed.

{¶ 4}   In August 2010, CBS let appellant go due to a "lack of work" and appellant applied for unemployment benefits on August 10, 2010.   (Request to Employer for Separation Information, 2.)  ODJFS granted appellant's benefits application.  Appellant filed weekly benefit claims from the week ending August 21, 2010, through the week ending October 29, 2011.  During this period, appellant continued to be eligible for TTD from his 1984 injury, but did not immediately apply to resume TTD payments.

{¶ 5}   Unable to find sedentary work, in October 2011, appellant again applied for TTD under his previous claim number, 84-38134.  The Industrial Commission of Ohio ("ICO") granted appellant benefits based on his original injury in 1984 and applied the award retroactively to August 10, 2010.[1]  As required by R.C. 4123.56(A), BWC paid ODJFS the retroactive TTD benefits appellant would have received during the same period he received unemployment benefits.

{¶ 6}   After BWC retroactively reinstituted appellant's TTD based on his 1984 injury, ODJFS found, by redetermination dated February 17, 2012, that appellant had been ineligible for unemployment benefits from the week ending August 21, 2010.  Further, ODJFS found appellant had been overpaid benefits in the amount of $28,728 from the week ending August 21, 2010, through the week ending October 29, 2011.

---

[1] Appellant filed a C-86 motion with the ICO, seeking a determination he was eligible to receive TTD benefits.  The ICO granted the motion and appellant sought TTD compensation from BWC pursuant to the ICO ruling.

ODJFS stated appellant had failed to meet the statutory eligibility requirements entitling appellant to unemployment compensation. Specifically, ODJFS found appellant had not provided sufficient evidence showing he was physically able to perform his customary job duties and, therefore, should not have received unemployment benefits.

{¶ 7} Appellant appealed ODJFS' redetermination. Through a Director's Redetermination, ODJFS affirmed the previous denial of appellant's benefits. Appellant appealed the Director's Redetermination on April 20, 2012, and the appeal was transferred to the commission.

{¶ 8} On June 7, 2012, a commission hearing officer conducted a hearing by telephone. The hearing officer affirmed the redetermination decision by a written decision on June 8, 2012. On June 12, 2012, appellant requested a review before the commission. On August 16, 2012, the commission hearing officer supervisor held a second telephone hearing. The hearing officer supervisor affirmed the June 8, 2012 decision, finding appellant was "not able to work as required by Law." (Unemployment Compensation Review Commission Decision, 2.) Appellant appealed the decision to the Franklin County Court of Common Pleas. In a decision dated November 25, 2013, that court issued a judgment entry affirming the commission's decision. Appellant filed a timely notice of appeal to this court on December 16, 2013.

## II. Assignments of Error

{¶ 9} The appellant assigns the following two assignments of error for our review:

> 1. The Common Pleas Court erred by concluding that the record supported that appellant was not physically able to perform his customary job duties.
>
> 2. The Common Pleas Court erred by concluding that appellee's Adjudication Order was lawful.

## III. Discussion

### A. Physically Able to Perform Customary Job Duties

{¶ 10} In his first assignment of error, appellant argues the commission's decision finding him physically unable to perform his customary job duties was not supported by sufficient evidence. We agree.

{¶ 11} A party dissatisfied with a decision of the commission may appeal that decision to the common pleas court. *Salyers v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-576, 2013-Ohio-1209, ¶ 14, citing *Henderson v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-154, 2012-Ohio-5382, ¶ 6; R.C. 4141.282(H). If the common pleas court finds the decision of the commission was "unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission." R.C. 4141.282(H).

{¶ 12} At the appellate level, "[t]he focus of an appellate court when reviewing an unemployment compensation appeal is upon the commission's decision, not the trial court's decision." *Goodrich v. Ohio Unemp. Comp. Rev. Comm.*, 10th Dist. No. 11AP-473, 2012-Ohio-467, ¶ 5, citing *Moore v. Comparison Mkt., Inc.*, 9th Dist. No. 23255, 2006-Ohio-6382, ¶ 8. Similar to the common pleas court, an appellate court " 'may reverse the board's determination only if it is unlawful, unreasonable, or against the manifest weight of the evidence.' " *Williams v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 13AP-312, 2013-Ohio-4159, ¶ 6, quoting *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 694, 697 (1995). Although appellate courts are not permitted to make factual findings or weigh the credibility of the witnesses, the court does have a duty to determine whether the board's decision is supported by the evidence in the record. *Tzangas* at 696.

{¶ 13} Here, the record indicates the commission based its decision to deny appellant's benefits on appellant's brief testimony during the June 7, 2012 telephone hearing. Specifically, in its factual findings, the commission stated that appellant "was told by his doctor that he could not work for medical reasons on August 10, 2010." (June 8, 2012 Unemployment Compensation Review Commission Decision, 1.) The following exchange occurred during the hearing:

> [Hearing Officer]: And looking at this, *you are on temporary total disability from August 10, 2010 through May 20, 2012, is that correct?*
>
> [Appellant]: Yes.

> [Hearing Officer]: Have you been cleared to return to work at this time?
>
> [Appellant]: No.
>
> [Hearing Officer]: You have not?
>
> [Appellant]: No.
>
> [Hearing Officer]: So at this point you are unable to work, is that correct?
>
> [Appellant]: Correct.

Emphasis added. (June 7, 2012 Tr., 4-5.)

{¶ 14} Although the issue before the hearing officer was whether appellant was able to work light and sedentary work after he was let go from CBS on August 9, 2010, the hearing officer specifically began by asking appellant about receiving TTD from August 10, 2010 through May 20, 2012. Appellant's subsequent answers addressed his TTD stemming from his 1984 injury. Indeed, appellant's counsel attempted to clarify appellant's statements. Trying to distinguish between the 1984 injury and the 2010 unemployment, counsel for appellant asked "you were originally injured on February 1, 1984, correct?" Before appellant could respond, the hearing officer said:

> Okay, Mr. Portman, just so you know, don't go back that far. We're talking about the period and issue. We are talking about August 15, 2010 through now. Anything past that is irrelevant, so we're only talking about August 2010 and on.

(June 7, 2012 Tr., 5.)

{¶ 15} Appellant then responded to questions from his counsel demonstrating his ability to perform lighter duty work and that he was only precluded from "heavy manual labor." In part, appellant testified as follows:

> [Counsel]: [Appellant], you couldn't go back and do the heavy manual labor work you had done originally when you got hurt, could you?
>
> [Appellant]: No.
>
> [Counsel]: But you could do lighter duty work * * * if it was offered to you, correct?

[Appellant]: Correct.

* * *

[Counsel]: Only lighter duty jobs, correct?

[Appellant]: Right.

[Counsel]: You just couldn't go back and do the heavy manual labor job you were doing at the time you got hurt on February 1, 1984, correct?

[Appellant]: Correct.

 (June 7, 2012 Tr., 6.)

{¶ 16} Similar to the June 7, 2012 telephone hearing, appellant participated in a second telephone hearing on August 16, 2012, and again testified he was able to perform light, sedentary job duties.  During the hearing, the hearing officer and appellant discussed the ICO's decision granting appellant TTD.  In part, the testimony revealed the following relevant exchanges:

[Hearing officer]: [W]ere you able to do any work at all during that time period you were on temporary total [disability] compensation?

[Appellant]: Yes, I was able to go back to sedentary work and * * * I did for 16 years after 1988 * * * and from that time I was a construction manager estimator for a firm until I was laid off in August 2010.

* * *

[Hearing officer]: [I]t looks like the last page of that * * * document, the request for temporary total compensation, it looks like the doctor, am I correct, said that[,] it looks like question seven[,] is the injured worker able to return to other employment including light duty, alternative work, modified work, or a transitional work.  Do you see that question?

[Appellant]: Yes sir.

[Hearing officer]: [W]hat did the doctor check, yes or no?

[Appellant]: Yes.

[Hearing officer]: And is there any writing in there?

[Appellant]: Yes sir.

[Hearing officer]: What does yours [say]?

[Appellant]: Sedentary position such as supervisory position.

{¶ 17} Appellant's counsel, on direct examination, further demonstrated that appellant was capable of performing sedentary job duties. In part, appellant testified as follows:

[Counsel]: Okay now going back to * * * your days at McCarthy/Farrell, going back to the date of the accident, February 1, 1984, those are the days in which you did heavy, manual labor, stressful work, correct?

[Appellant]: Correct.

[Counsel]: [Y]ou rehabilitated yourself to the point where you reeducated, you got new education, vocational rehabilitation, and went to work that you were able to perform physically, correct?  And that would be supervisory and sedentary activities, correct?

[Appellant]: Correct.

[Counsel]: [A]nd that's the kind of work you got laid off from, correct?

[Appellant]: Correct.

 (Aug. 16, 2012 Tr., 5-9.) During both hearings, the hearing officers seemed to misunderstand the relevance of appellant's 1984 workers' compensation claim and the work restrictions related to that claim which was the basis for the retroactive grant of TTD benefits.  The testimony at the hearing does not support the commission's conclusion that appellant was unable to work during the relevant time frame.

{¶ 18} Appellant also submitted evidence supporting his contention he was able to perform the customary duties of light, sedentary work.  In its decision, the commission also referenced appellant's BWC application, which included a statement from appellant's

physician stating appellant could not perform strenuous physical labor (the same restrictions in place under the 1984 claim). According to a physician's report filed along with appellant's workers' compensation claim, appellant was physically able to return to a "sedentary position such as [a] supervisory position." (Feb. 20, 2012 Physician's Report.)

{¶ 19} In addition to the above evidence demonstrating appellant was able to perform sedentary and supervisory work, appellant had, in fact, been performing sedentary and supervisory duties since 1988. It was only because of a "lack of work" that appellant was no longer employed by CBS. There is no evidence suggesting CBS let appellant go because he was physically unable to perform the job duties.

{¶ 20} Based on the discussion above, we find the evidence presented in the record does not establish appellant was unable to perform the customary duties of his employment when he separated from his employment with CBS in August 2010. Any indication appellant gave that he was unable to work was in reference to his workers' compensation claim, not his ability to perform light and sedentary work. We find the commission's determination that appellant was unable to work is not supported by the evidence in the record, and, therefore, the commission's decision was unlawful, unreasonable, or against the manifest weight of the evidence. Accordingly, the common pleas court erred in affirming the commission's adjudication order. Therefore, appellant's first assignment of error is sustained.

### B. Adjudication Order Regarding Alleged Overpayment

{¶ 21} In his second assignment of error, appellant argues the common pleas court erred when it concluded appellee's adjudication order was lawful. Specifically, appellant argues that the adjudication order was unlawful since appellant had not been overpaid by ODJFS. Because we find appellant was entitled to unemployment benefits for the period of the week ending August 21, 2010 to the week ending October 29, 2011, the payment made by ODJFS to appellant of $28,728 was not an overpayment. Therefore, ODJFS' determination that appellant was overpaid was erroneous, and we sustain appellant's second assignment of error.

## IV. Conclusion

{¶ 22} Upon a thorough review of the record, we conclude the commission's decision was unlawful, unreasonable, or against the manifest weight of the evidence.

Therefore, we sustain appellant's first and second assignments of error and reverse the judgment of the Franklin County Court of Common Pleas.  Accordingly, we remand the decision to the trial court with instructions to reverse the judgment of the commission.

*Judgment reversed;*
*cause remanded with instructions.*

KLATT and CONNOR, JJ., concur.